JOHN L. AND BERBEL GILCHRIST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilchrist v. Commissioner
Docket No. 12530-81.
United States Tax Court
T.C. Memo 1983-288; 1983 Tax Ct. Memo LEXIS 505; 46 T.C.M. (CCH) 226; T.C.M. (RIA) 83288; May 24, 1983. Paul M. Thielking, for the petitioners. Bruce W. Baker, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: Respondent determined deficiencies of $85.03 in petitioners' 1977 Federal income tax and $14,504.00 in petitioners' 1978 Federal income tax. Due to concessions by petitioners, the sole issue for decision is whether petitioners are entitled to deduct expenses incurred in connection with a piece of *509 residential property owned by them and rented to petitioner John L. Gilchrist's (John's) daughter, and her husband, at less than a fair rental, in excess of the limitations of section 280A of the Internal Revenue Code of 1954. [1]
This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Iowa when they filed their petition herein. In November 1975, petitioners purchased a house in Boulder, Colorado (the Boulder house), for $95,000. From January 1976 to October 1977, John's sister, Kay Summey (Kay), rented the house for $225 per month. [2] Petitioners did not realize any income from this rental, however, because they "paid" Kay a "management fee" (in connection with the Boulder house) equal to the "rent" they "charged" her. During the last two months of 1977, the house was rented to petitioners' nephew, Robert Moore, *510 for $225 per month. Throughout 1978, John's daughter, Janet Reynolds, and her husband, Kevin, occupied the Boulder house rent-free. The rental value of petitioners' Boulder house during 1977 and 1978 was approximately $500 to $750 per month. In 1981, petitioners sold the Boulder house for $165,000. Petitioners reported net losses from the rental of their Boulder property in the amounts of $7,210.04 in 1977 and $17,078.10 in 1978. Respondent disallowed the losses under section 280A; the deficiency asserted for 1977 was only $85.03, however, because respondent allowed petitioners an interest expense deduction of $7,039.97 in excess of the amount claimed on petitioners' return. Petitioners have conceded the 1977 deficiency. [3] Consequently, the only year in issue is 1978. *511 Congress enacted section 280A as part of the Tax Reform Act of 1976 "as its response to the concern that rental of property used as a residence by the taxpayer or members of the taxpayer's family 'afforded the taxpayer unwarranted opportunities to obtain deductions for expenses of a personal nature.' Bolton v. Commissioner,77 T.C. 104, 108 (1981)." Saunders v. Commissioner,T.C. Memo. 1982-322. Section 280A(a) states the general rule that "[e]xcept as otherwise provided in this section * * * no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable years as a residence." [4]Section 280A(d) provides, inter alia, that a dwelling unit is used by the taxpayer as a residence if it is used in excess of a specified period [5] for "personal purposes." If a member of the taxpayer's family, as defined in section 267(c)(4), [6] uses the dwelling unit as a principal residence, a "personal purpose" is attributed to the taxpayer unless the property is leased for a fair rental. See sections 280A(d)(2)(A) and (d)(3)(A). *512 Petitioners do not contend (nor could they reasonably do so) that the rent-free use of the Boulder house by a "family member," when the rental value of the property was between $500 and $750 per month, constituted a "fair rental." Consequently, the property was used by the petitioners for personal purposes. See sections 280A(d)(2)(A) and (d)(3)(A). Since this situation lasted in excess of the statutorily specified period, see note 5 supra, the dwelling unit was used by the petitioners as a residence for purposes of section 280A(a) and no rental expenses, other than those specified in section 280A(b), would be allowable under section 280A. [7] See Saunders v. Commissioner,supra.
Petitioners' arguments why this case is not governed by section 280A are totally without merit. First they contend that Congress intended section 280A to apply only to vacation homes; the Boulder house, they argue, is not a vacation home and deductions pertaining thereto do not *513 come within the statute's limitations. Petitioners' numerous citations to the use of the term "vacation home" in the Committee reports to the Tax Reform Act of 1976 do not persuade us that we should ignore the plain language of section 280A, which in no way limits its scope to "vacation homes." Moreover, when Congress amended section 280A in 1981 (by adding section 280A(d)(3)(A), which was made retroactive to January 1, 1976) to provide that rentals to family members are not subject to section 280A if a fair rental is charged, Congress specifically stated that section 280A applies to dwelling units used by family members as principal residences. See section 280A(d)(3)(A).Therefore, it is clear that section 280A is not limited to vacation homes. Petitioners also contend that the provision of the continuing appropriations resolution which denied appropriations for the implementation or enforcement of any regulation or ruling concerning the application of section 280A to rentals to family members, [8] prohibits this Court from applying section 280A to the instant case. This prohibition, petitioners argue, "must lead us to * * * section 183 as the governing statute * * *." *514 It is well-settled that Congress can, if it desires, suspend or repeal a statute in force by an amendment to an appropriations bill. United States v. Will,449 U.S. 200 (1980). "[R]epeals by implication," however, "are not favored." Posadas v. National City Bank,296 U.S. 497, 503 (1936). "The whole question depends on the intention of Congress." United States v. Will,supra at 222, quoting United States v. Mitchell,109 U.S. 146, 150 (1883). The section of the continuing appropriations resolution at issue herein was added on the Senate Floor by Senator Armstrong. [9] The scope of the amendment was limited. Senator Armstrong was not concerned with section 280A in its entirety; he only objected to the applicability of section 280A to "families who choose to rent a dwelling to other members of their family." 126 Cong. Rec. S13576 (daily ed. Sept. 26, 1980) (emphasis added). The Senator implied that the rent charged must be a "fair rental" and cited a newspaper article by Kenneth R. Harney which stated that this "hard-nosed" regulation "prohibits the owner of a house, a condominium or other dwelling unit *515 rented to a relative -- at full market rates -- from taking the normal tax benefits associated with rental property." 126 Cong. Rec. S13576 (daily ed. Sept. 26, 1980) (emphasis added). Moreover, the following year Congress specifically added the fair rental exception to section 280A (section 280A(d)(3)(A)) and made the change retroactive to the original enactment of the section. [10] Consequently, it is clear that Congress never altered the applicability of section 280A to taxpayers like petitioners who did not charge their relatives a fair rental. Section 280A therefore applies to this case. *516 Petitioners' contention that section 183 is the "governing statute" is erroneous for two reasons. First, the appropriations resolution petitioners rely upon does not repeal section 280A. Therefore, section 280A(f)(3), which states that if section 280A applies to a dwelling unit "section 183 (relating to activities not engaged in for profit) shall not apply, "controls.Moreover, even if section 183 were not overridden by section 280A, it would not be the "governing statute" because section 183 merely limits deductions for activities not engaged in for profit; petitioners' argument is that their ownership of the house was an activity engaged in for profit since they claim to have held the property for an investment (i.e., appreciation in the value of the asset) purpose. The provisions petitioners apparently intended to rely on, sections 167(a)(2) and 212, do provide that if property is held for investment, [11] then expenses relating thereto are deductible. However, all of the cases cited by petitioners for the proposition that their expenses are so deductible involved tax years prior to the enactment of section 280A and are, therefore, inapposite. Section 280A governs this case *517 and, except as otherwise provided, overrides sections 167(a)(2) and 212 when a conflict arises. See section 280A(a). Since section 280A does not otherwise provide, deductions otherwise allowable under sections 167(a)(2) or 212 that are attributable to property covered by section 280A must be disallowed. [12]
*518 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. At no time during the years in issue were any of the rental or management agreements concerning the Boulder property reduced to writing.↩
3. This concession is surprising since both years involve the same issue and since this Court has the power to determine overpayments. See section 6512(b). However, in view of our decision herein, the concession has no substantive effect.↩
4. Section 280A(b)↩ provides, however, that "[s]ubsection (a) shall not apply to any deduction allowable to the taxpayer without regard to its connection with his trade or business (or with his income-producing activity)." 5. The specified period is the greater of 14 days or 10 percent of the number of days during the year for which the unit is rented at a fair rental. Section 280A(d)(1)↩. 6. Section 267(c)(4) defines "family member" to include, inter alia, lineal descendants.↩
7. No expenses are allowable under section 280A(c)(3) -- rental use -- because, during 1978, the Boulder house was never rented at a fair rental. See section 280A(e). See also section 280A(c)(5)↩.
8. The continuing appropriations resolution for fiscal year 1981 (section 123 of Pub. L. 96-369, 94 Stat. 1356), provided that "[n]o funds appropriated by this Act may be used to implement or enforce provisions of any regulation or ruling with respect to Section 280A of the Internal Revenue Code of 1954↩ which relate to - (1) the rental of a dwelling unit to a member of the family of a taxpayer * * *."
9. The purpose of his amendment, Senator Armstrong stated, was to delay the Internal Revenue Service from implementing certain regulations until Congress could review the issue. 126 Cong. Rec. S13577 (daily ed. Sept. 26, 1980). Senator Ar mstrong expressed no desire to repeal any part of section 280A. The Senate was admonished, however, that by adopting the amendment they would be "sort of writing tax law." 126 Cong. Rec. S13580 (daily ed. Sept. 26, 1980). Nevertheless, the Conference Committee Report merely observed that the amendment "prohibits the Internal Revenue Service from implementing or enforcing certain regulations or rulings with respect to section 280A of the Internal Revenue Code↩." Conf. Rept. No. 96-1443, 96th Cong., 2d Sess. 18 (1980). 10. Section 280A(d)(3) was enacted as section 113(a)(1) of the Black Lung Benefits Revenue Act of 1981, Pub. L. 97-119, 95 Stat. 1635, 1641 (1981). The retroactivity provision was enacted in section 113(e) of the same Act. Section 280A(d)(3) mooted the question of the effect of the Armstrong amendment on taxpayers who did↩ charge their relatives a fair rental.
11. We have assumed, for purposes of this case, that the Boulder house was held for investment. However, the fully stipulated record herein provides little support for such a finding and, were we required to do so, it is by no means certain that we would find an investment motive.↩
12. See generally, Beltran v. Commissioner,T.C. Memo. 1982-153, in which this Court observed that "[o]ne of the purposes of section 280A was to eliminate the need for an inquiry into the taxpayer's motives for holding property by establishing certain mechanical tests which restrict the deductibility of rental expenses * * *." In view of section 280A(b), see note 4, supra,↩ petitioners are entitled to deduct the interest expense attributable to the house and respondent does not contend otherwise. Petitioners' position, as reserved in the stipulation of facts, that such expense is deductible on Schedule E rather than as an itemized deduction was not pursued on brief, is therefore deemed abandoned and, in any event, is without merit.